Filed 1/27/25  Rivas v. Dynamic Nursing Services CA2/1

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION ONE

|  |  |
|---|---|
| JENNIFER RIVAS, | B337901 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. BC699897) |
| v. | |
| DYNAMIC NURSING SERVICES, INC., | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Theresa M. Traber, Judge.  Affirmed.

Garrell Cohon Kennedy, Jeffrey M. Cohon, and John M. Kennedy for Defendant and Appellant.

Sherri Nazarian Law Firm, Sherri Nazarian; Employment Rights Law Firm, and Payam Aframian for Plaintiff and Respondent.

_____

Respondent Jennifer Rivas sued appellant Dynamic Nursing Services, Inc. for various employment claims, including disability discrimination, wrongful termination, failure to engage in an interactive process, and failure to reasonably accommodate her disability. The parties had signed an arbitration agreement that, among other things, required the arbitrator to follow California substantive law. After a three-day arbitration, the arbitrator (retired judge Rex Heeseman) issued a final award finding in Rivas's favor only on the interactive-process claim, and awarding $30,000 in damages, $75,000 in attorneys' fees, and $4,600 in costs. The trial court granted Rivas's petition to confirm the award and denied Dynamic's motion to vacate it.

On appeal, Dynamic contends the arbitrator exceeded his powers because he ruled in Rivas's favor in contravention of California law—which the arbitration agreement required him to follow—and thus the trial court erred in confirming and refusing to vacate the award. Both appellate parties also ask that we sanction the other—Rivas claims that Dynamic has taken a frivolous appeal solely for the purposes of delay, and Dynamic claims that Rivas failed to adhere to the California Rules of Court in submitting her respondent's appendix. We conclude that the trial court did not err, and we decline to sanction either party. We therefore affirm.

## FACTUAL AND PROCEDURAL BACKGROUND[1]

### A. *Rivas Files a Complaint; Dynamic Compels Arbitration*

In March 2018, Rivas filed a complaint against Dynamic, alleging various employment causes of action relating to disability discrimination and wrongful termination. In June 2018, Dynamic moved to compel arbitration based on an "Alternative Dispute Resolution Agreement" that the parties signed. The agreement provided that "[i]n the event that any employment claim or dispute arises between" Dynamic and Rivas relating to her "employment, wage and hour issues, termination of employment or any other alleged other claim or dispute," the parties would first mediate the claim and then, should the claim remain unresolved, "submit the claim or dispute to final and binding arbitration." The agreement also provided that the "arbitrator shall comply with California substantive law," that the "discovery process shall proceed, and be governed, consistent with the standards of the California Code of Civil Procedure," and that the "applicable substantive law shall be the law of the State of California." In August 2018, Rivas filed a statement of non-opposition to Dynamic's motion and the court ordered the case to meditation followed by arbitration.

### B. *Rivas Files a First Amended Complaint*

The parties selected retired judge Rex Heeseman as the arbitrator. In December 2021, Rivas filed a first amended complaint in arbitration, alleging that Dynamic employed her as

---

[1] We limit our summary to the facts and procedural history relevant to the issues raised on appeal.

a caregiver for over one-and-a-half years until December 2016, when it wrongfully terminated her. Rivas claimed that, in January 2016, she "developed and/or aggravated and/or sustained perceived and/or physical disability(s) including, but not limited to, left shoulder injuries, associated conditions and others." She placed Dynamic "on notice" of her injury and "requested and/or was entitled to and/or was granted CFRA and/or other medical and/or other negotiated leave in order to recuperate and heal, from February 2016 and continuing."

In May 2016, Dynamic received a letter from the California Department of Social Services, stating that Rivas's application to be listed on the Home Care Aide Registry was incomplete, and that she had until June 2016 to furnish the missing information. Although the letter stated it was also sent to Rivas, she never received it. Rivas alleged that Dynamic purposely did not tell her about the letter at the time because it was "convenient and advantageous" for Dynamic if Rivas lacked clearance from the Department of Social Services as that would prevent her from returning to work.

In September 2016, Rivas's doctor "released her to work with a twenty-five (25) pound lifting restriction." After Rivas informed Dynamic, Dynamic promised it would "get back to her regarding a position," but never did. In December 2016, Dynamic terminated Rivas. Based on these allegations, Rivas alleged seven causes of action: (1) perceived and/or physical disability harassment, discrimination, and retaliation in violation of the Fair Employment and Housing Act; (2) harassment, discrimination, and retaliation in violation of the California Family Rights Act; (3) violation of California Labor Code section 923; (4) retaliation and wrongful termination in violation of

4

public policy; (5) failure to accommodate in violation of FEHA; (6) failure to engage in a good faith interactive process in violation of FEHA; and (7) declaratory relief.

At the start of the arbitration, Rivas's attorney stated that she would dismiss the following claims: "her second cause of action in full for CFRA"; "[h]er third cause of action"; "[t]he seventh cause of action for declaratory relief"; "[t]he harassment and retaliation portion of the first cause of action only"; and "[t]he retaliation portion of the fourth cause of action." Remaining were: "disability discrimination, first cause of action; wrongful termination, fourth cause of action; failure to accommodate, fifth cause of action; [and] failure to engage in the interactive process, sixth cause of action."

## C.    *Rivas Partially Prevails at Arbitration*

The parties arbitrated the case over three days in August 2022. In November 2022, the arbitrator issued an interim award. The arbitrator ruled against Rivas for disability discrimination, finding that she failed to prove she could perform a caregiver's essential job duties. The arbitrator correspondingly ruled against Rivas on her wrongful termination claim, as it was based entirely on the disability discrimination claim. Regarding Rivas's claim that Dynamic failed to reasonably accommodate her, the arbitrator ruled against Rivas because she did not show that "a 'sitter' or a 'clerical position' (or anything similar) was available for" her.[2] But the arbitrator ruled in Rivas's favor on her interactive-process claim, finding that Dynamic made an insufficient effort to engage with Rivas. Citing *Wysinger v.*

_____

[2] A "sitter" position was apparently one that would have met Rivas's disability restrictions if she were licensed.

5

*Automobile Club of Southern California* (2007) 157 Cal.App.4th 413 (*Wysinger*), the arbitrator found that "[a]n accommodation claim and an interactive claim require different proofs, 'and a finding the employer did not fail to accommodate is not inconsistent with a finding of a failure to satisfy the interactive process.' " The arbitrator noted that Rivas was seeking an award of $5,000 in damages for each of the 11 times that she claimed Dynamic had failed to engage in an interactive process and awarded Rivas $55,000 in damages. The arbitrator also ruled that Rivas was entitled to attorneys' fees.

### D.    *The Arbitrator Issues a Modified Final Award*

Ten days after the issuance of the interim award, Dynamic asked the arbitrator to reconsider his ruling in favor of Rivas. Dynamic contended that, under California law, an employee who claimed that the employer failed to engage in an interactive process had the burden of suggesting and proving the existence of a reasonable accommodation. Dynamic argued that: (1) Rivas did not suggest a reasonable accommodation; and (2) because the arbitrator had ruled that Rivas had not met her burden to show the existence of a reasonable accommodation in her failure-to-accommodate claim, the arbitrator was also required to find that she did not meet her burden to show the existence of a reasonable accommodation in her interactive-process claim. Dynamic additionally argued that the damages award was punitive and did not comport with California law.

In March 2023, the arbitrator issued an amended interim award. While the amended interim award did not change the arbitrator's ruling on any of the claims before him, it augmented the discussion regarding the interactive-process claim. Specifically, the arbitrator noted that Rivas "inquired about other

6

jobs besides 'caregiver,' and more than one of Respondent['s] employee referred to a 'sitter' position." The arbitrator also discussed CACI No. 2546, stating that the jury instruction's use note "indicates a split of authority as to whether the employee must prove the actual existence of the reasonable accommodation in question."[3] Finding "a distinction between 'identifying' a reasonable accommodation and 'proving' its actual existence," the arbitrator "cho[]se to join the rank of opinions such as *Wysinger*," elaborating that "there is a difference between 'interactive process' and 'reasonable accommodation' as 'process' focuses on the employee-employer interaction, while 'accommodation' focuses on the actual position itself." The arbitrator concluded that "[a]n employer which in effect does nothing to find a reasonable accommodation during the interactive process should not prevail due to an absence of actual proof by the employee."[4] In the interim award, the arbitrator also "chose a different approach" to damages and reduced the amount awarded from $55,000 to $30,000.

In March 2023, Rivas moved for attorneys' fees, requesting $384,474 in fees and $8,804 in costs. The final award provided for $30,000 in damages, $75,000 in attorneys' fees, and $4,600 in costs. The final award also added an "alternative ground" to the arbitrator's ruling on Rivas's interactive-process claim: that

_____

[3] CACI No. 2546 is entitled "Disability Discrimination - Reasonable Accommodation - Failure to Engage in Interactive Process."

[4] In the hearing on Dynamic's motion for reconsideration, the arbitrator voiced a suspicion that "more than a majority of the judges and more [than] a majority of the arbitrators would conclude not the way I did."

7

" '[a]rbitrators are not bound to award on principles of dry law, but may decide on principles of equity and good conscience, and make their award ex aequo et bono according to what is just and good.' "

### E. *The Court Confirms the Arbitration Award*

In June 2023, Rivas filed a petition to confirm the arbitration award. In July 2023, Dynamic opposed the petition, arguing that the arbitrator exceeded his powers because he failed to follow California law. Specifically, Dynamic contended Rivas "could not prevail on her interactive process claim . . . because Plaintiff did not establish that a reasonable accommodation was available at the time the interactive process should have occurred, as required by California law," and the arbitrator failed to follow California law by nevertheless ruling in Rivas's favor. One day later, Dynamic filed a petition to vacate the arbitrator's award, making the same arguments as in its opposition to Rivas's petition to confirm.

In her opposition to Dynamic's petition (and her reply to Dynamic's opposition to her petition), Rivas argued that: (1) the award was not subject to review for errors of law or fact; and (2) the arbitrator did follow California law—specifically *Wysinger* and other authorities—which permitted a finding that Dynamic was liable for failing to engage in an interactive process.

In December 2023, the trial court granted Rivas's petition to confirm and denied Dynamic's petition to vacate. The court found that "the arbitrator's decision to apply *Wysinger* and *Claudio* [*v. Regents of the University of California* (2005) 134 Cal.App.4th 224 (*Claudio*)], rather than the cases urged by Defendant, was consistent with California law and the discretion granted to lower tribunals confronting a split in appellate

8

authority." The court stated that, because it concluded the arbitrator followed California law, it did not need to address whether the arbitrator was also permitted to issue a ruling based on " 'principles of equity and good conscience and make [his] award *ex aequo et bona* according to what is just and good.' "

In February 2024, the court entered judgment in Rivas's favor. Dynamic timely appealed.

## DISCUSSION

### A.    *The Arbitrator's Award Is Not Reviewable for an Error of Law*

Our Supreme Court has held that "while the statutory grounds for correction and vacation of arbitration awards do not ordinarily include errors of law, contractual limitations on the arbitrators' powers can alter the usual scope of review." (*Cable Connection, Inc. v. DIRECTV, Inc.* (2008) 44 Cal.4th 1334, 1356.) Dynamic contends that the usual scope of review has been altered here because the arbitration agreement required the arbitrator to follow California law, and we can only determine whether the arbitrator adhered to this mandate by reviewing his legal reasoning. In other words, Dynamic contends that in failing to follow California law, the arbitrator exceeded his powers, and the Code of Civil Procedure provides that a court shall vacate an arbitration award if "[t]he arbitrators exceeded their powers and the award cannot be corrected without affecting the merits of the decision upon the controversy submitted." (Code Civ. Proc., § 1286.2, subd. (a)(4).) We hold that, in this case, the parties did not agree to alter the usual scope of review and thus, even had the arbitrator failed to follow California law, such an "error" would not be a basis to vacate the arbitration award.

9

"Even where application of a particular law or body of law is required by the parties' arbitration agreement, an arbitrator's failure to apply such a law is not in excess of an arbitrator's powers within the meaning of section 1286.2, subdivision (d)." (*Marsch v. Williams* (1994) 23 Cal.App.4th 238, 244 (*Marsch*).)[5] "[I]n considering application of section 1286.2, we are not concerned about what law the parties have chosen.  Rather we are required to determine whether the parties have agreed that an arbitrator's mistake in either determining the appropriate law or applying it are reviewable in a court of law." (*Id.* at pp. 244– 245.)  Further, an agreement calling for "binding arbitration 'embodies the expectation that the arbitration award will be accorded a finality not given the judgment of a trial court and for that reason it must be accorded a different scope of judicial review.  It is for this reason that the courts may not review a binding award for mere error of law or fact.' " (*Id.* at p. 245.) Noting that the arbitration agreement in *Marsch* contained "no explicit reference to a broadened scope of judicial review of an arbitration award," the appellate court rejected the appellant's argument that the arbitration panel's failure to apply a required statute meant the panel exceeded its powers because "there is nothing in the parties' arbitration agreement which suggests that such an error of law is subject to expanded judicial review." (*Ibid.*)

We find instructive the case of *Baize v. Eastridge Companies, LLC* (2006) 142 Cal.App.4th 293, in which our

---

[5] At the time that the Court of Appeal issued *Marsch*, Code of Civil Procedure section 1286.2, subdivision (d) provided "statutory grounds to vacate an award exist whenever arbitrators exceed their power." (*Marsch, supra*, 23 Cal.App.4th at p. 244.)

colleagues in Division Three were faced with an almost identical factual situation.  There, as here, "the parties to a wrongful termination action agreed to submit their dispute to binding arbitration, pursuant to an agreement by which the arbitrator was required to apply California law." (*Id.* at p. 296.)  After the arbitrator ruled in favor of the employee and the employee petitioned to confirm the award, "[t]he employer opposed, and moved to vacate the award, on the basis that the arbitrator had failed to *correctly* apply California law." (*Ibid.*)  The trial court confirmed the award, and Division Three affirmed, agreeing that the trial court "lacked jurisdiction to review the arbitrator's award for errors of law" and that a "contractual provision requiring that the arbitrator apply California law does not mandate a different conclusion." (*Ibid.*)  Specifically, the agreement in *Baize* provided that "(1) 'The Arbitrator shall have the authority of a sitting judge with respect to handling this matter and shall apply California law'; (2) 'The Arbitrator shall apply the substantive law (and the law of remedies, if applicable) of the state of California, as applicable to the issues presented in this case.  The Arbitrator is without jurisdiction to apply any different substantive law or the law of remedies'; and (3) 'Notwithstanding any provision to the contrary that may be contained in the Rules[6] the Arbitrator shall be constrained by the rule of law and any arbitration award shall be based thereon." (*Id.* at p. 297.)

After reviewing the cases of *Pacific Gas & Electric Co. v. Superior Court* (1993) 15 Cal.App.4th 576 and *Marsch*, the *Baize*

---

[6] In a footnote at this point, the court explained that it was construing the "Rules" as "the rules of evidence."

11

court explained that "it is clear that the parties to an arbitration agreement could not render an arbitrator's decision reviewable for errors of law merely by providing in the agreement that the arbitrator must apply California law.  Instead, the parties could obtain court review of the merits of the arbitrator's decision only if the arbitration agreement *expressly provided* that the arbitrator's errors of law were reviewable in court." (*Baize*, *supra*, 142 Cal.App.4th at p. 301.)  Because the parties bargained only "for a binding arbitration in which the arbitrator applied California law," and the appellant did not claim that the arbitrator applied a law other than California's—only that the arbitrator applied California law incorrectly—the appellate court affirmed the trial court's confirmation of the arbitration award.

Here, too, we find nothing in the parties' agreement that indicates they agreed on expanded judicial review.  Instead, like the parties in *Baize*, they agreed only that the arbitrator was to apply California law.  The only claim is that the arbitrator erred in applying California law.[7]  Therefore, Dynamic's claim that the arbitrator committed an error of law was not reviewable and was thus not a basis to vacate—or refuse to confirm—the award.[8]

---

[7] While the arbitrator stated his award was supported by principles of equity, he expressly named this as an "alternative ground" of support.  By initially stating that he "cho[]se to join the rank of opinions such as *Wysinger*," the arbitrator made clear that he was following a line of cases that he believed was still viable under California law.

[8] Furthermore, it is unclear that the arbitrator failed to follow California law.  *Wysinger* has not been overruled, and our Supreme Court denied a request to review or depublish it. (*Wysinger (Guy) v. Automobile Club of Southern California* (Feb.
*(Fn. is continued on the next page.)*

## B.    *We Decline to Sanction Either Party*

In her appellate brief, Rivas asks that we sanction Dynamic for allegedly misrepresenting the appellate record, failing in its duty of candor, and taking a frivolous appeal for the sole purpose of delay.  Dynamic, in turn, asks that we sanction Rivas for improperly submitting a respondent's appendix.  We deny both requests.

Regarding Rivas's request, rule 8.276(a) of the California Rules of Court provides in pertinent part that:  "On motion of a party or its own motion, a Court of Appeal may impose sanctions . . . on a party or an attorney for: [¶] (1) Taking a frivolous appeal or appealing solely to cause delay."  As we are not imposing sanctions on our own motion, we may impose sanctions for a frivolous or dilatory appeal only on a party's motion.  Additionally, a motion for sanctions "must include a declaration supporting the amount of any monetary sanction sought and

---

20, 2008, S159777) ["Petition for review & depublication request(s) denied"].)  While Dynamic correctly notes that, in *Shirvanyan v. Los Angeles Community College Dist.* (2020) 59 Cal.App.5th 82, 96, we found that *Wysinger* and *Claudio* could be " 'synthesize[d]' with cases requiring an available accommodation to support liability," we note that the Judicial Council of California opined that there was "a split of authority as to whether the employee must also prove that a reasonable accommodation was available," contrasting *Shirvanyan* and *Nadaf-Rahrov v. The Neiman Marcus Group, Inc.* (2008) 166 Cal.App.4th 952 with *Wysinger* and *Claudio*.  (CACI No. 2546, Directions for Use.)  "[W]here there is more than one appellate court decision, and such appellate decisions are in conflict . . . , the court exercising inferior jurisdiction can and must make a choice between the conflicting decisions."  (*Auto Equity Sales, Inc. v. Superior Court* (1962) 57 Cal.2d 450, 456.)

must be served and filed before any order dismissing the appeal but no later than 10 days after the appellant's reply brief is due." (Cal. Rules of Court, rule 8.276(b)(1).) Because Rivas failed to file such a motion or declaration, we deny her request.[9]

Dynamic claims that Rivas's appendix fails to comply with several procedural requirements listed in rule 8.124 of the California Rules of Court and requests that we sanction Rivas for her non-compliance. Rule 8.124(g) provides that we "may impose monetary or other sanctions for filing an appendix that contains inaccurate copies or otherwise violates this rule." Because Rivas's non-compliance does not rise to the level of warranting a monetary sanction, we deny Dynamic's request.

---

[9] Moreover, while we find Dynamic's appeal to be without merit, we would not necessarily find it frivolous. "[A]n appeal should be held to be frivolous only when it is prosecuted for an improper motive -- to harass the respondent or delay the effect of an adverse judgment -- or when it indisputably has no merit -- when any reasonable attorney would agree that the appeal is totally and completely without merit." (*In re Marriage of Flaherty* (1982) 31 Cal.3d 637, 650.) "An appeal that is simply without merit is *not* by definition frivolous and should not incur sanctions." (*Ibid.*)

## DISPOSITION

The judgment is affirmed.  Respondent is awarded her costs on appeal.

NOT TO BE PUBLISHED

M. KIM, J.

We concur:

ROTHSCHILD, P. J.

BENDIX, J.